IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Consolidated Civil Action No. 16-cv-02733-STV

BIONA CHARMAINE ROGERS,
CATHY BEGANO,
ANDREW ATKINS, and
MARK TREVITHICK,

     Plaintiffs,

v.

COLORADO DEPARTMENT OF CORRECTIONS,
RICK RAEMISCH,
RYAN LONG and
MIKE ROMERO,

     Defendants.

---

Civil Action No. 1:18-cv-02926-MEH

LEONID RABINKOV,
CATHY BEGANO,
ANDREW ATKINS,
MARC TREVITHICK,
on behalf of themselves and others similarly situated,

     Plaintiffs,

v.

COLORADO DEPARTMENT OF CORRECTIONS,

     Defendant.

## DEFENDANT COLORADO DEPARTMENT OF CORRECTIONS' MOTION TO DISMISS COMPLAINT FILED IN 18-CV-02926

Defendant Colorado Department of Corrections (CDOC), through the

Colorado Attorney General and pursuant to Fed. R. Civ. P. 12(b)(6), hereby submits

the following Motion to Dismiss the Plaintiff's Complaint (Doc. 1) filed on November 14, 2018 in *Rabinkov, et al. v. Colorado Department of Corrections*, Civil Action Number 18-cv-02926-MEH. In support thereof, Defendant CDOC states as follows:

## INTRODUCTION

Plaintiffs are deaf individuals in the custody of the CDOC.  The CDOC provides deaf offenders access to a teletypewriter device (TTY) enabling them to communicate with friends and family. Plaintiffs have used TTY technology at CDOC to communicate with their families and friends.

Plaintiffs have each requested, and been denied, the use of videophones when communicating with their families and friends. Plaintiffs claim that they are entitled to videophones because: 1) as a communication tool, TTY is not as effective as videophones, which enable visual communication including facial expressions, head tilts, and nods (Doc. 1, ¶¶30, 43); 2) the CDOC's TTY units "regularly" freeze, or disconnect, or break (*id.,* ¶44); and, 3) limiting Plaintiffs to the use of a TTY "essentially limits them to writing letters" through a TTY, placing them in a different position from hearing offenders, who have two forms of communication – phone calls and letters. (*Id*., ¶45).[1] They allege that by failing to provide them with newer videophone technology, Defendant has violated their rights under Title II of

---

[1] The Complaint also alleges that a videophone system is preferable for deaf offenders who are not fluent in written English (Doc. 1, ¶¶27, 28). But there is no indication in the Complaint that Plaintiffs are not fluent in written English or that their use of TTYs is limited by their lack of English fluency.

the American with Disabilities Act (ADA), 42 U.S.C. § 12131 *et seq.*, and Section 504

of the Rehabilitation Act (RA), 29 U.S.C. § 794. Plaintiffs seek an order from this

Court requiring that they be provided the use of videophones.

## STANDARD OF REVIEW

The purpose of a motion to dismiss under Rule 12(b)(6) is to test "the

sufficiency of the allegations within the four corners of the complaint after taking

those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994).

"[T]o withstand a motion to dismiss, a complaint must contain enough allegations of

fact 'to state a claim to relief that is plausible on its face.'" *Robbins v. Oklahoma*,

519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544 (2007)). "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A

pleading that offers 'labels and conclusions' or a formulaic recitation of the elements

of a cause of action will not do. Nor does the complaint suffice if it tenders 'naked

assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted.)

## ARGUMENT

### I.    Plaintiffs' have failed to state claims for relief under the ADA or RA.

"The Rehabilitation Act is materially identical to and the model for the

ADA . . . ." *Crawford v. Indiana Dep't of Corr.*, 115 F.3d 481, 483 (7th Cir. 1997).

The standards adopted by Title II of the ADA for State and local government services are generally the same as those required under section 504 of the Rehabilitation Act for federally assisted programs and activities. 28 CFR Pt. 35, App. A, Preamble to Regulation on Nondiscrimination on the Basis of Disability in State and Local Government Services (Published July 26, 1991).  Other than Section 504's limitation to denials of benefits "solely" by reasons of disability and its applicability only to entities that receive federal funds, "the reach and requirements of both statutes are precisely the same." *S.S. v. E. Kentucky,* 532 F.3d 445, 452-53 (6th Cir. 2008). When, as is the case here, neither of these differences are at issue, Title II and Section 504 claims are addressed together.[2]

"To state a claim under Title II of the ADA, the plaintiff must allege that (1) he is a qualified individual with a disability, (2) who was excluded from participation in or denied the benefits of a public entity's services, programs, or activities, and (3) such exclusion, denial of benefits, or discrimination was by reason of a disability." *Robertson v. Las Animas Cty. Sheriff's Dep't*, 500 F.3d 1185, 1193 (10th Cir. 2007). In this case, Plaintiffs' claims should be dismissed because they have failed to plead facts to support the second and third elements of an ADA

---

[2] Unless otherwise noted, cases under the ADA and the RA may be cited interchangeably for the two acts. *See Toyota Motor Mfg. v. Williams,* 534 U.S. 184, 193-94 (2002); *Bragdon v. Abbott*, 524 U.S. 624, 631 (1998); "'Because the language of disability used in the ADA mirrors that in the Rehabilitation Act, we look to cases construing the Rehabilitation Act for guidance when faced with an ADA challenge,' . . . and vice versa." *Cummings v. Norton*, 393 F.3d 1186, 1190 at * n.2 (10th Cir. 2005) (quoting *Kimber v. Thiokol Corp.*, 196 F.3d 1092, 1102 (10th Cir.1999)).

or RA claim. Plaintiffs are not entitled to the telephone technology of their choosing, and they have failed to plead facts sufficient to show that existing TTY technology does not provide them with "meaningful" telephone access.

### A. Neither the ADA nor the RA require correctional facilities to provide offenders with the preferred or even the most effective technology to communicate with family and friends.

Prisoners with disabilities must be provided with "meaningful access" to services, programs, or activities. *Wright v. New York State Dep't of Corr.*, 831 F.3d 64, 73 (2nd Cir. 2016). In order to assure "meaningful" access, reasonable accommodations to programs or services may be necessary. *Alexander v. Choate*, 469 U.S. 287, 301 (1985). In this case, Defendant does not dispute that CDOC must reasonably accommodate Plaintiffs to enable them to communicate in a meaningful way with friends and family by telephone.

Disabled individuals are not entitled to the accommodation of their choice. *See Smith v. Midland Brake, Inc.,* 180 F.3d 1154, 1177 (10th Cir. 1999); *Dean v. Univ. at Buffalo Sch. of Med. and Biomedical Sci.*, 804 F.3d 178, 187 (2nd Cir. 2015). A reasonable "accommodation need not be 'perfect' or the one 'most strongly preferred'" by the plaintiff, but to be reasonable, it must be "effective." *Id.* (citations omitted.) The ADA and RA require only "meaningful access" to services, not access equal to what is provided to others. *Id.; see also Rosenthal v. Missouri Dep't of Corr.*, 2017 WL 1532261 *10 (W.D. Mo. 2016). Neither the RA nor the ADA guarantee "any particular level of [services] for disabled persons."

*CERCPAC v. Health and Hosp. Corp.*, 147 F.3d 165, 168 (2nd Cir. 1998).

With these general principles in mind, courts have determined that if a TTY affords deaf offenders meaningful telephone access, no ADA or RA violation has occurred by virtue of the fact that a videophone system may offer a more effective means of communication. *Arce v. Louisiana*, 226 F. Supp. 3d 643, 651 (E.D. La. 2016). In short, a videoconferencing system is not mandated by either the ADA or the RA on the basis that videoconferencing allows participants to experience better or more effective communication than TTY technology. *Id.*; *Rosenthal,* 2016 WL 705219 *10; *see* also *Spurlock v. Simmons*, 88 F. Supp. 2d 1189, 1196 (D. Kan. 2000) (holding that TTY access is "meaningful" telephone access within the meaning of the ADA and Rehab Act); *but see McBride v. Mich. Dep't of Corr.*, 294 F. Supp. 3d 695 (E.D. Mich. 2018). Plaintiffs in this case are not entitled to videophones solely because newer technology offers a preferable means of communication.

**B.    Plaintiffs have failed to plead any facts showing that existing TTY units do not provide them with "meaningful access" to family and friends.**

Plaintiffs complain that TTY units currently in place in CDOC facilities do not offer "meaningful" telephone access because they "regularly" break down. Plaintiffs offer no factual support for this general allegation.

The occasional inability to communicate with family and friends does not implicate either the ADA or the RA. *Spurlock,* 88 F. Supp. 2d at 1196 (finding that

an offender who was allowed two 30-minute TTY calls per week had meaningful

telephone access); *Douglas v. Gusman*, 567 F. Supp. 2d 877, 890 (E.D. La. 2008)

(holding that a deaf offender who used a TTY 15 to 20 times in approximately four

months, and then two calls a day for six weeks, was provided with meaningful

access as a matter of law), "Effective communication does not require perfect

communication." *Gevarzes v. City of Port Orange, Florida*, 2013 WL 6231269 at *2

(M.D. Fla. Dec. 2, 2013)

Occasional interference with the ability to communicate with friends and

family does not rise to the level of an ADA or RA claim. In their Complaint,

Plaintiffs offer no facts indicating what actual access they do or do not have with

their family and friends using the existing technology. They state no facts showing

how often they successfully complete calls with friends and family and how often

they are unable to do so due to system failure.

A plaintiff must do more than assert facts creating a "suspicion" of a legally

cognizable right of action on the assumption that all the complaint's allegations are

true. *Twombly*, 550 U.S. at 555. A claim for relief must be plausible on its face. *Id*

at 570. If a complaint's allegations are so general that they encompass "a wide

swath of conduct, much of it innocent," then plaintiffs "have not nudged their

claims across the line from conceivable to plausible." *Robbins*, 519 F.3d at 1247,

quoting *Twombly*, 550 U.S. at 570.

Here, Plaintiffs have failed to assert facts creating more than a suspicion of

a legally cognizable right. The mere allegation that TTY units periodically break down does not plausibly suggest that Plaintiffs cannot use or have not used CDOC's TTY technology to communicate with friends and family in a meaningful way, consistent with the requirements of the ADA and RA.

## CONCLUSION

The ADA and RA require correctional facilities to provide offenders access to meaningful telephone access with friends and family, not to better technology, or to technology the Plaintiffs prefer. Because the Plaintiffs have failed to assert any facts showing that they have not and cannot effectively communicate with friends and family using the technology currently available at CDOC facilities, they have failed to state claims for relief under the ADA or RA.

Respectfully submitted this 14th day of January, 2019.

PHILIP J. WEISER
Attorney General

*s/ Kathleen L. Spalding*

KATHLEEN L. SPALDING*
CHRIS W. ALBER*
Senior Assistant Attorneys General
Attorneys for Defendants
1300 Broadway, 10th Floor
Denver, Colorado 80203
Telephone:  720-508-6634
FAX:            720-508-6032
E-Mail:  kit.spalding@coag.gov;
              Chris.alber@coag.gov
*Counsel of Record

## CERTIFICATE OF SERVICE

I certify that I served the foregoing **DEFENDANT COLORADO DEPARTMENT OF CORRECTIONS' MOTION TO DISMISS COMPLAINT FILED IN 18-CV-02926** upon all parties herein by e-filing with the CM/ECF system maintained by the court this 14th day of January, 2019, which will provide notice to the following:

Amy Robertson
Civil Rights Education and Enforcement Center
104 Broadway, Suite 400
Denver, CO 80203
arobertson@creeclaw.org

*Counsel for Plaintiffs*

*s/ Laurie A. Merrick*