**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Consolidated Civil Action No. 16-cv-02733-STV

BIONA CHARMAINE ROGERS,
CATHY BEGANO,
ANDREW ATKINS, and
MARK TREVITHICK,

      Plaintiffs,

v.

COLORADO DEPARTMENT OF CORRECTIONS,
RICK RAEMISCH,
RYAN LONG and
MIKE ROMERO,

      Defendants.

---

Consolidated with Civil Action No. 1:18-cv-02926-MEH

LEONID RABINKOV,
CATHY BEGANO,
ANDREW ATKINS, and
MARC TREVITHICK, on behalf of themselves and others similarly situated,

Plaintiffs,

v.

COLORADO DEPARTMENT OF CORRECTIONS,

Defendant.

---

**PROPOSED SCHEDULING ORDER**

---

## 1.  DATE OF CONFERENCE AND APPEARANCES OF COUNSEL

The Scheduling Conference pursuant to Rule Fed. R. Civ. P. 16(b) and this Court's

Minute Order, ECF 107, was held on January 17, 2019 at 9 a.m. in Courtroom A-402,

Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado, before

Magistrate Judge Scott T. Varholak.

Appearing for Plaintiffs:

Amy F. Robertson
Civil Rights Education and Enforcement Center
104 Broadway, Suite 400
Denver, CO 80203
303.757.7901

Appearing for Defendants:

Chris Alber
Kathleen Spalding
Colorado Department of Law
Office of the Attorney General
Civil Litigation & Employment Law / Tort Unit
Ralph L. Carr Colorado Judicial Center
1300 Broadway, 10th Floor
Denver, CO  80203

## 2.  STATEMENT OF JURISDICTION

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C.

§§ 1331 and 1343.

### 3. STATEMENT OF CLAIMS AND DEFENSES

#### a. Plaintiffs:

Plaintiffs in these consolidated cases are five prisoners in the custody of the Colorado Department of Corrections ("CDOC"). Plaintiffs Leonid Rabinkov, Cathy Begano, Andrew Atkins, and Marc Trevithick are deaf, and their primary language is American Sign Language ("ASL"). Plaintiff Bionca Rogers is hearing but both of her parents are deaf and their primary language is ASL. Ms. Rogers knows ASL and uses that language to communicate with her parents.

Plaintiffs all have requested access to a videophone to be able to communicate with their family and friends in a manner equivalent to the way inmates who are not deaf are able to communicate. Defendant has consistently denied these requests. Plaintiffs bring this lawsuit alleging that, by denying access to a videophone and otherwise failing to provide effective communication, Defendant is in violation of Title II Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq.* and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 ("Section 504"), and the implementing regulations of those statutes. Plaintiffs seek declaratory and injunctive relief and reasonable attorneys' fees and costs.

Plaintiffs incorporate by reference the statement of claims and defenses in the Scheduling Order entered by this Court on October 24, 2017, ECF 59.

**b. Defendants:**

Defendants deny Plaintiffs' allegations and denies that CDOC has violated Plaintiffs' rights under either the ADA or the Rehabilitation Act.  Under the ADA, Plaintiffs are not entitled to the accommodation of their choice.  The ADA and the Rehabilitation Act require only the provision of reasonable accommodation, not the best possible accommodation.  Defendants have provided Plaintiffs with reasonable accommodations for communicating with friends and family, taking into account the CDOC's safety and security interests.  Plaintiffs have asserted no facts tending to show that the current system does not afford Plaintiffs meaningful communication with friends and family or that the choice between existing communication systems over videophones are not related to legitimate penological interests. Some Plaintiffs may have failed to exhaust their administrative remedies.

**4.  UNDISPUTED FACTS**

The following facts are undisputed:

1.      Defendant CDOC receives federal financial assistance as that term is used in Section 504, 29 U.S.C. § 794(a).

**5.  COMPUTATION OF DAMAGES**

Plaintiffs respectfully request that this Court declare the actions of Defendant described in the Class Action Complaint to be in violation of Title II and Section 504, and enter an injunction ordering Defendant to cease discrimination on the basis of disability against deaf inmates, including but not limited to Plaintiffs, by (among other

things) ensuring that communication with them and individuals on the outside of the prison are as effective as those provided others. Finally, Plaintiffs seek their reasonable attorneys' fees and costs and that this Court award such additional or alternative relief as may be just, proper, and equitable.

6. **REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P 26(f).**

a. **Date of Rule 26(f) meeting:**

December 18, 2018 and January 16, 2019.

b. **Names of each participant and party he/she represented**:

Amy F. Robertson (plaintiffs); Chris Alber and Kathleen Spalding (defendants).

c. **Statement as to when Rule 26(a)(1) disclosures were made or will be made**:

Rule 26(a)(1) disclosures have been made on or before January 4, 2019.

d. **Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1)**:

None.

e. **Statements concerning any agreements to conduct informal discovery:**

None.

f. **Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system**:

The parties agree to service by email of documents not required to be filed using the Court's ECF system.  The parties agree to exchange all documents, including correspondence and discovery documents, electronically by email when practicable or by disk, if email is not practicable where documents are available in electronic format. In some instances, to the extent the parties agree, documents may be exchanged in hard copy format.  The parties will abide by the Court's practice standards regarding discovery and litigation.  The parties will use a unified deposition exhibit numbering system.

The parties agree that the discovery exchanged in the case of *Rogers v. Colorado Department of Corrections*, 16-cv-02733-STV, will be treated as discovery exchanged in the consolidated case, with no need to re-produce documents previously produced in *Rogers*.

g. **Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

The parties do not anticipate extensive electronically stored information.

h. **Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case**.

To date, the parties have not discussed settlement. Plaintiffs are open to settlement discussions at any time.

6

7. **CONSENT**

All parties have consented to the exercise of jurisdiction of a magistrate judge.

8. **DISCOVERY LIMITATIONS**

   a. **Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.**

The parties do not propose any modification to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.  Without leave of Court, each side may conduct up to ten depositions of the other side, and each side may serve no more than 25 interrogatories, including discrete subparts, on the other side. Due to the nature of the case as consolidated, the parties will be limited in discovery to matters related to Plaintiff Rabinkov, provided that all parties will continue to be required to supplement discovery as required in Fed. R. Civ. P. 26(e).

   b. **Limitations which any party proposes on the length of depositions.**

No deposition will take longer than 7 hours.

   c. **Limitations which any party proposes on the number of requests for production and/or requests for admission.**

Each side will serve no more than 25 requests for production on the other side without leave of Court.  Each side will serve no more than 25 requests for admissions on the other side without leave of Court.

   d. **Other Planning or Discovery Orders**

No other planning or discovery orders are in place at this time.

9. **CASE PLAN AND SCHEDULE**

   a. **Deadline for Joinder of Parties and Amendment of Pleadings:** February 18,

   2019.

   b. **Discovery Cut-off:** ~~July 15, 2019~~, *April 5, 2019*

   c. **Dispositive Motion Deadline:** ~~August 14, 2019~~. *May 6, 2019*

   **Plaintiffs:** In response to Defendants' proposal below, Plaintiffs respectfully

   propose that this Court proceed to rule on the pending motions for summary

   judgment, ECF 87, 88. It is Plaintiffs' recollection that, during the Status

   Conference on January 7, 2019, this Court stated that, were Plaintiffs to withdraw

   their motion for class certification, the Court would proceed to consider the

   pending motions for summary judgment. In reliance on this ruling, Plaintiffs

   withdrew their motion for class certification.  ECF 108, 109. While Defendants

   conducted no discovery of Plaintiffs in the *Rogers* matter, Plaintiffs recognize that

   they are entitled to conduct discovery of Mr. Rabinkov's claims, and have agreed

   to the deadline, proposed above, of July 15, 2019, to complete such discovery.

   There is no reason that discovery cannot proceed while the Court addresses the

   pending motions for summary judgment.

   As such, Plaintiffs propose that this Court reaffirm the briefing schedule stated

   during the Status Conference:  that Defendants' response to Plaintiffs' Motion for

   Partial Summary Judgment Against Defendant Colorado Department of

8

Corrections, ECF 87, and their reply in support of Defendants' Motion for Summary Judgment, ECF 88, will be due on January 28, 2019; and Plaintiffs' reply in support of their motion will be due on February 11, 2019.

**Defendants:** Prior to the consolidation of the two cases that now comprise this case, the parties in *Rogers, et al. v. Colorado Department of Corrections, et al.* filed motions for summary judgment. Defendants propose that the Court deny those motions without prejudice to enable the Court to rule on Defendant CDOC's motion to dismiss and to enable the parties to submit motions for summary judgment (if necessary) reflecting the positions and claims of the current parties.

d. **Expert Witness Disclosure:**

**1.** The parties shall identify anticipated fields of expert testimony, if any.

Plaintiffs: Plaintiffs anticipate expert witness testimony in the following fields: audiology; deaf language and communications; communications technology; any field identified by Defendant or necessary to respond to Defendant's experts.

Defendant: Defendant anticipates expert witness testimony in the following fields: any field designated by Plaintiffs and expert testimony regarding prison safety and security and CDOC's penological interests.

**2.** Limitations which the parties propose on the use or number of expert witnesses.

The parties propose limiting the number of expert witnesses to three per side.

**3.**The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before ~~May 17, 2019~~. February 19, 2019

**4.** The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before ~~June 17, 2019~~. March 8, 2019

**e.** Identification of Persons to Be Deposed:

| Deponent | Time Estimated |
|---|---|
| Plaintiff Leonid Rabinkov | 7 hours |
| Defendant's Rule 30(b)(6) witnesses | 7 hours |
| Other individuals disclosed pursuant to Fed.R.Civ.P. 26 or otherwise noticed by the parties. | 7 hours each |
| | |
| | |

The Parties reserve the right to take additional depositions of persons identified in the Parties' disclosures and through the course of discovery.

**f.** Deadline for Interrogatories:

33 days before the close of discovery

~~May 31, 2019, or 45 days before the close of discovery~~.

g. Deadline for Requests for Production of Documents and/or Admissions:

~~May 31, 2019, or 45~~ 23 days before the close of discovery.

## 10. DATES FOR FURTHER CONFERENCES

a. Status conferences will be held in this case at the following dates and times:

b. A final pretrial conference will be held in this case on __6/24/19__ at 10:00 o'clock

a. m. A Final Pretrial Order shall be prepared by the parties and submitted to

the court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

a. Identify those discovery or scheduling issues, if any, on which counsel after a

good faith effort, were unable to reach an agreement.

   *See supra* Paragraph 9(c).

b. Anticipated length of trial and whether trial is to the court or jury.

The parties anticipate a three-day trial to the Court.

c. Identify pretrial proceedings, if any, that the parties believe may be more

efficiently or economically conducted in the District Court's facilities at 212 N.

Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall

U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction,

Colorado 81501-2520; or the U.S. Courthouse/Federal Building,103 Sheppard

Drive, Durango, Colorado 81303-3439.

11

None.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this 17th day of January , 2019.

BY THE COURT:

United States Magistrate Judge

APPROVED:

CIVIL RIGHTS EDUCATION AND
ENFORCEMENT CENTER

/s/ Amy F. Robertson
Amy F. Robertson
104 Broadway
Suite 400
Denver, CO 80203
303.757.7901
arobertson@creeclaw.org

Counsel for Plaintiffs

PHILIP J. WEISER, Attorney General

/s/ Kathleen Spalding
Kathleen Spalding
Chris Alber
Office of the Attorney General
Civil Litigation & Employment Law/Tort Unit
Ralph L. Carr Colorado Judicial Center
1300 Broadway, 10th Floor
Denver, CO  80203
Kit.Spalding@coag.gov
Chris.alber@coag.gov

Counsel for Defendants

Dated:  January 16, 2019