**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Consolidated Civil Action No. 16-cv-02733-STV

BIONCA CHARMAINE ROGERS,
CATHY BEGANO,
ANDREW ATKINS, and
MARC TREVITHICK,

    Plaintiffs,

v.

COLORADO DEPARTMENT OF CORRECTIONS,
RICK RAEMISCH,
RYAN LONG, and
MIKE ROMERO,

    Defendants.

_____

Consolidated Civil Action No. 18-cv-02926-STV

LEONID RABINKOV,
CATHY BEGANO,
ANDREW ATKINS, and
MARC TREVITHICK,

    Plaintiffs,

v.

COLORADO DEPARTMENT OF CORRECTIONS,

    Defendant.
_____

**ORDER**
_____

Magistrate Judge Scott T. Varholak

    This matter comes before the Court on Defendant Colorado Department of Corrections' Motion to Dismiss the Amended Complaint filed by Plaintiffs in Consolidated Civil Action No. 18-cv-02926-STV (the "Motion"). [#119] The Motion is before the Court on the parties' consent to have a United States magistrate judge conduct all proceedings in this action and to order the entry of a final judgment. [##30, 31, 51; *see also* 18-cv-02926-STV, #17] This Court has carefully considered the Motion and related briefing, the case file and the applicable case law, and has determined that oral argument would not materially assist in the disposition of the Motion. For the following reasons, I **DENY** the Motion.

## I.  FACTUAL BACKGROUND[1]

    Plaintiffs are inmates incarcerated by Defendant Colorado Department of Corrections ("CDOC"). [#115 at ¶¶ 3, 6, 9, 12] Plaintiffs in Consolidated Civil Action No. 18-cv-02926-STV, Leonid Rabinkov, Cathy Begano, Andrew Atkins, and Marc Trevithick ("Plaintiffs"), are all deaf and use American Sign Language ("ASL") as their primary language. [*Id.* at ¶¶ 4-5, 8, 10-11, 13-14] Plaintiffs claim that the CDOC is denying Plaintiffs the ability to communicate with friends and relatives outside of CDOC. Specifically, Plaintiffs have requested permission to use a videophone inside CDOC facilities to communicate with their friends and family. [*Id.* at ¶ 50] Because ASL is a visual language in which communication occurs through the movement of hands

---

[1] The facts are drawn from the allegations in Plaintiffs' Amended Complaint (the "Amended Complaint") [#115], which must be taken as true when considering a motion to dismiss.  *See Wilson v. Montano*, 715 F.3d 847, 850 n.1 (10th Cir. 2013) (citing *Brown v. Montoya*, 662 F.3d 1152, 1162 (10th Cir. 2011)).

combined with facial expressions and postures of the body [*id.* at ¶ 17], Plaintiffs contend that a videophone will allow them to effectively communicate with others using ASL [*id.* at ¶ 47]. CDOC has refused to provide Plaintiffs with a videophone to communicate with their friends and family members. [*Id.* at ¶¶ 45, 52]

CDOC permits prisoners to make telephone calls to individuals on their phone list. [*Id.* at ¶ 40] Hearing prisoners who wish to contact hearing family members are permitted to use the phone at any time phones are available, provided they have paid for the time and the person being called is on the inmate's phone list. [*Id.* at ¶ 41] In contrast, CDOC allows deaf inmates to use a teletypewriter ("TTY"). [*Id.* at ¶ 42] In a TTY communication, each participant types out his or her side of the conversation, then waits while the other person types back. [*Id.* at ¶ 23] For a TTY communication to occur, both participants must own TTY equipment. [*Id.* at ¶ 22] Plaintiffs allege that, on multiple occasions, the TTYs at the CDOC facilities "regularly freeze[] or disconnect[]" and their "keys are extremely sensitive, causing typographical errors." [*Id.* at ¶ 44] Plaintiffs further allege that they have scheduled specific times to communicate with family and friends using the TTY, only to find that it is broken. [*Id.*] According to the Amended Complaint, when a facility's TTY is broken, "it often takes the CDOC an unreasonable time to fix it." [*Id.*] Plaintiffs allege that their inability to effectively communicate have caused them to lose contact with friends and family. [*Id.* at ¶ 43]

The Amended Complaint brings two claims. The first claim alleges that CDOC violated Title II of the Americans with Disabilities Act ("ADA"). [*Id.* at ¶¶ 53-61] The second claim alleges that CDOC violated Section 504 of the Rehabilitation Act. [*Id.* at ¶¶ 62-71] Plaintiffs seek injunctive relief and compensatory damages. [*Id.* at 12] CDOC

has moved to dismiss both claims. [#119] Plaintiffs have responded to the Motion [#123] and CDOC filed a reply [#127].

## II.  STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." In deciding a motion under Rule 12(b)(6), a court must "accept as true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010) (alteration in original) (quoting *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)). Nonetheless, a plaintiff may not rely on mere labels or conclusions, "and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). "The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Id.* (quoting *Twombly*, 550 U.S. at 556). The ultimate duty of the court is to "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

## III.  ANALYSIS

CDOC argues that Plaintiffs' claims must be dismissed for failure to state a claim under the ADA or the Rehabilitation Act. [#119 at 5-8] "Analysis of a claim under Title II of the ADA is identical to an analysis under the Rehabilitation Act." *Kimble v. Douglas Cty. Sch. Dist. RE-1*, 925 F. Supp. 2d 1176, 1182 (D. Colo. 2013) (citing *Nielsen v. Moroni Feed Co.*, 162 F.3d 604, 608 n.7 (10th Cir. 1998); *Kimber v. Thiokol Corp.*, 196 F.3d 1092, 1102 (10th Cir. 1998)); *see also Anderson v. Colo. Dep't of Corr.*, 848 F. Supp. 2d 1291, 1300 n.2 (D. Colo. 2012) ("The Rehabilitation Act is materially identical to and the model for the ADA[—]the elements are the same except the Rehabilitation Act requires that defendant receive federal funds." (quotations omitted)).  Accordingly, and as requested by the parties, the Court will apply the same analysis to Plaintiffs' ADA and Rehabilitation Act claims.

Title II of the ADA states, in pertinent part, that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.  This provision applies to prisoners. *See Pa. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 210 (1998).  "To state a claim under Title II, the plaintiff must allege that (1) he is a qualified individual with a disability, (2) who was excluded from participation in or denied the benefits of a public entity's services, programs, or activities, and (3) such exclusion, denial of benefits, or discrimination was by reason of a disability." *Robertson v. Las Animas Cty. Sheriff's Dep't*, 500 F.3d 1185, 1193 (10th Cir. 2007).

CDOC challenges whether Plaintiffs have sufficiently alleged that they were excluded from the benefits of CDOC's services, programs, or activities.[2]  [#119 at 5-8] As the Tenth Circuit has instructed, the ADA "requires more than physical access to public entities: it requires public entities to provide *meaningful* access to their programs and services."  *Robertson*, 550 F.3d at 1193 (quotations omitted).  To effectuate Title II's mandate, Department of Justice "regulations require public entities to 'make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability.'"  *Id.* (quoting 28 C.F.R. § 35.130(b)(7)). CDOC argues that it is only required to make reasonable accommodations for Plaintiffs, not the best possible accommodations, and that it has satisfied this obligation by providing TTY equipment.  [#119 at 6 (citing *Arce v. Louisiana*, 226 F. Supp. 3d 643, 651 (E.D. La. 2016) (finding that ADA did not require prison to provide deaf inmate with videophone as a reasonable accommodation))]

Ultimately, for purposes of deciding the instant Motion to Dismiss, the Court need not decide whether CDOC must provide Plaintiffs with a videophone in order to provide a reasonable accommodation, because Plaintiffs have plausibly alleged that they have often been denied *any* meaningful access to forms of communication with friends and family.  As indicated above, Plaintiffs allege that, on multiple occasions, the TTYs at the CDOC facilities "regularly freeze[] or disconnect[]" and their "keys are extremely sensitive, causing typographical errors."  [#115 at ¶ 44]  Plaintiffs further allege that broken TTYs

---

[2] CDOC states that Plaintiffs have failed to plead facts to support either the second or third elements of an ADA or Rehabilitation Act claim [#119 at 5], but the Motion focuses solely on the second element and whether CDOC's use of TTY equipment provided meaningful access to programs and services [*id.* at 5-8].

6

have interfered with specific times they have scheduled to communicate with family and friends. [*Id.*] According to the Amended Complaint, when a facility's TTY is broken, "it often takes the CDOC an unreasonable time to fix it." [*Id.*] Plaintiffs further contend that the current TTY equipment is becoming antiquated, requires frequent maintenance from sources untrained on the use and repair of TTYs, thus "creat[ing] unfair delays for offenders due to the limited number of TTY machines department wide when equipment is down." [*Id.* at ¶ 26] Plaintiffs allege that their inability to effectively communicate has caused them to lose contact with friends and family. [*Id.* at ¶ 43] While the Court agrees with CDOC that the Amended Complaint could have been more specific about the frequency of the breakdowns, the Court ultimately concludes that the allegations are sufficient to plausibly plead both an ADA and a Rehabilitation Act claim. *See Tanney v. Boles*, 400 F. Supp. 2d 1027, 1041-42 (E.D. Mich. 2005) (denying summary judgment for institution where inmate offered evidence that he was denied reasonable access to TTY machine); *Zemedagegehu v. Arthur*, No. 1:15cv57 (JCC/MSN), 2015 WL 1930539, at *13 (E.D. Va. April 28, 2015) (denying motion to dismiss filed by institution where plaintiff was provided access to TTY services but plaintiff's inability to read or write English made such access meaningless); *cf. Arce*, 226 F. Supp. 3d at 651 (granting motion to dismiss where the complaint did not allege that the TTY machine failed to function or that the plaintiff could not effectively communicate using the TTY machine). Accordingly, Plaintiffs have plausibly pleaded ADA and Rehabilitation Act claims and CDOC's Motion is **DENIED**.

## IV.  CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's Motion to Dismiss the Amended Complaint [#119].


DATED:  April 9, 2019                              BY THE COURT:

                                                   s/Scott T. Varholak
                                                   United States Magistrate Judge