**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 16-cv-02733-STV

BIONCA CHARMAINE ROGERS,
CATHY BEGANO,
ANDREW ATKINS, and
MARC TREVITHICK,

      Plaintiffs,

v.

COLORADO DEPARTMENT OF CORRECTIONS,
RICK RAEMISCH, in his official capacity,
RYAN LONG, in his official capacity, and
MIKE ROMERO, in his official capacity,

      Defendants.

---

LEONID RABINKOV,
CATHY BEGANO,
ANDREW ATKINS, and
MARC TREVITHICK,

      Plaintiffs,
v.

COLORADO DEPARTMENT OF CORRECTIONS,

      Defendant.

---

**FINAL PRETRIAL ORDER**

---

## 1.   DATE AND APPEARANCES

The Final Pretrial Conference pursuant to Rule Fed. R. Civ. P. 16(e) and this Court's Minute Order, ECF 113, was held on June 24, 2019 at 10 a.m. in Courtroom A-402, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado, before Magistrate Judge Scott T. Varholak.

Appearing for Plaintiffs:

Amy F. Robertson
Civil Rights Education and Enforcement Center
104 Broadway, Suite 400
Denver, CO 80203
303.757.7901

Appearing for Defendants:

Chris Alber
Kathleen Spalding
Colorado Department of Law
Office of the Attorney General
Civil Litigation & Employment Law / Tort Unit
Ralph L. Carr Colorado Judicial Center
1300 Broadway, 10th Floor
Denver, CO  80203A

## 2.   JURISDICTION

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343.

## 3.   CLAIMS AND DEFENSES

### a. Plaintiffs

Plaintiffs in these consolidated cases are five prisoners in the custody of the Colorado Department of Corrections ("CDOC"). Plaintiffs Leonid Rabinkov, Cathy

1

Begano, Andrew Atkins, and Marc Trevithick are deaf, and their primary language is American Sign Language ("ASL"). Plaintiff Bionca Rogers is hearing but both of her parents are deaf and their primary language is ASL. Ms. Rogers knows ASL and uses that language to communicate with her parents.

Plaintiffs all have requested access to a videophone to be able to communicate with their family and friends in a manner equivalent to the way inmates who are not deaf are able to communicate. Defendant has consistently denied these requests. Plaintiffs bring this lawsuit alleging that, by denying access to a videophone and otherwise failing to provide effective communication, Defendant is in violation of Title II Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 *et seq.* and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 ("Section 504"), as interpreted by the implementing regulations and guidance relating to those statutes.

These statutes require CDOC to ensure that communications with people with disabilities "are as effective as communications with others," and to provide auxiliary aids and services as necessary to "afford individuals with disabilities ... an equal opportunity to participate in, and enjoy the benefits of, a service, program, or activity." "In determining what types of auxiliary aids and services are necessary," CDOC is required to "give primary consideration to the requests of individuals with disabilities," which means it must "honor the choice [of the disabled person] unless it can demonstrate that another effective means of communication exists."

Plaintiffs will demonstrate through unrebutted expert and lay testimony that videophones are necessary for them to communicate as effectively as hearing prisoners

and that they have requested that CDOC provide videophones. This will shift the burden to CDOC to demonstrate that their proffered alternative, the TTY, is equally effective. CDOC cannot satisfy that burden.

Plaintiffs will demonstrate that CDOC's violations of Section 504 have been and continue to be intentional because it was deliberately indifferent to the strong likelihood that pursuit of its questioned policies would result in a violation of Plaintiffs' federally protected rights. CDOC was on notice that videophones were required for effective communication and knowingly and intentionally denied Plaintiffs access to such technology.

Plaintiffs seek declaratory and injunctive relief, damages, and reasonable attorneys' fees and costs.

Plaintiffs incorporate by reference the statement of claims and defenses in the Scheduling Orders entered by this Court on October 24, 2017 and January 17, 2019, ECF 59, 113.

### b. Defendants

Defendants deny Plaintiffs' allegations and deny that CDOC has violated Plaintiffs' rights under either the ADA or the Rehabilitation Act. Under the ADA, Plaintiffs are not entitled to the accommodation of their choice. The ADA and the Rehabilitation Act require only the provision of reasonable accommodation, not the best possible accommodation. Defendants have provided Plaintiffs with reasonable accommodations for communicating with friends and family, taking into account the CDOC's safety and security interests. Plaintiffs have asserted no facts tending to show

3

that the current system does not afford Plaintiffs meaningful communication with friends and family or that the choice between existing communication systems over videophones are not related to legitimate penological interests. Some Plaintiffs may have failed to exhaust their administrative remedies. Furthermore, the Plaintiffs' claims have been rendered moot through the installation and use by the offenders at the Denver Women's Correctional Facility in December, 2018 and now with the installation of videophone units at the Colorado Territorial Correctional Facility and the upcoming use of the units by the offenders at CTCF.

### 4.    STIPULATIONS

1.    Defendant CDOC receives federal financial assistance as that term is used in Section 504, 29 U.S.C. § 794(a).

2.    Cathy Begano is substantially impaired in the major life activity of hearing.

3.    Theresa Carson Jordan is substantially impaired in the major life activity of hearing.

4.    Andrew Atkins is substantially impaired in the major life activity of hearing.

5.    Marc Trevithick is substantially impaired in the major life activity of hearing.

6.    Leonid Rabinkov is substantially impaired in the major life activity of hearing.

### 5.    PENDING MOTIONS

1.    Plaintiff Marc Trevithick's Motion for Partial Summary Judgment filed on January 17, 2019, ECF 117.

   a. Defendants' Response was filed on February 7, 2019, ECF 120.

   b. Plaintiff Trevithick's Reply was filed on February 21, 2019, ECF 124.

2.     Defendants' Motion for Summary Judgment was filed on May 6, 2019, ECF

133.

   a.  Plaintiffs' Brief in Opposition was filed May 31, 2019, ECF 140.

   b.  Defendants' Reply was filed on June 14, 2019, ECF 141.

## 6.    WITNESSES

### a.  Plaintiffs

Nonexpert witnesses to be called by Plaintiffs.

   (1)     Witnesses who will be present at trial:

        a.     Bionca Rogers will testify in person to her mother's primary

language (ASL) and preferred method of communication, her mother's lack of

fluency in English,  her fluency in ASL, her requests to be provided access to

videophone service and CDOC's responses, her experiences with the TTY in

CDOC, her experiences with videophones before incarceration, at the El Paso

County Jail, and within CDOC, and her injuries and damages from CDOC's

conduct challenged in this case.

        b.     Cathy Begano will testify in person to her primary language and

preferred method of communication, her fluency in ASL, her lack of fluency in

English, her requests to be provided access to videophone service and CDOC's

responses, her experiences with the TTY in CDOC, her experiences with

videophones before incarceration, at the El Paso County Jail, and within CDOC,

and her injuries and damages from CDOC's conduct challenged in this case.

        c.     Leonid Rabinkov will testify in person to his primary language and

preferred method of communication, his fluency in ASL, his lack of fluency in English, his requests to be provided access to videophone service and CDOC's responses, his experiences with the TTY at CDOC, his experiences with videophones before incarceration, and his injuries and damages from CDOC's conduct challenged in this case.

      d.    Andrew Atkins will testify in person to his primary language and preferred method of communication, his fluency in ASL, his lack of fluency in English, his requests to be provided access to videophone service and CDOC's responses, his experiences with the TTY at CDOC, his experiences with videophones before incarceration, and his injuries and damages from CDOC's conduct challenged in this case.

      e.    Marc Trevithick will testify in person to his primary language and preferred method of communication, his fluency in ASL, his lack of fluency in English, his requests to be provided access to videophone service and CDOC's responses, his experiences with the TTY at CDOC, his experiences with videophones before incarceration, and his injuries and damages from CDOC's conduct challenged in this case

      f.    Adrienne Jacobson will testify in person or by deposition to CDOC's telecommunications technology and policies, its previous considerations of videophones, its rolling out and withdrawing of other technology, its plans and policies (or lack thereof) relating to videophones, and any other subject addressed in her deposition or for which she was designated the person most

knowledgeable in response to Plaintiffs' Rule 30(b)(6) deposition notice(s).

g.     Amy Bradley will testify in person or by deposition to CDOC's telecommunications technology and policies, its previous consideration of videophones, its rolling out and withdrawing of other technology, its plans and policies (or lack thereof) relating to videophones, and any other subject addressed in her deposition or for which she was designated the person most knowledgeable in response to Plaintiffs' Rule 30(b)(6) deposition notice(s).

(2)     Witnesses who may be present at trial if the need arises:

a.     Theresa Jordan may testify in person to her primary language and preferred method of communication, her fluency in ASL, her lack of fluency in English, and her experiences with her daughter's attempt to communicate with her by TTY from CDOC.

b.     Jennifer Saugause may testify in person to her primary language and preferred method of communication, her fluency in ASL, her lack of fluency in English, her requests to be provided access to videophone service and CDOC's responses, her experiences with the TTY and videophone at CDOC.

(3)     Witnesses where testimony is expected to be presented by deposition:

a.     Janet Smith will testify by deposition to CDOC's telecommunications technology and policies, its previous consideration of videophones, its rolling out and withdrawing of other technology, its plans and policies (or lack thereof) relating to videophones, and any other subject

7

addressed in her deposition or for which she was designated the person most

knowledgeable in response to Plaintiffs' Rule 30(b)(6) deposition notice(s).

Expert witnesses to be called by Plaintiffs; both will be present at trial:

(1)     Richard Ray will testify in person to TTY, videophone, and other

telecommunications technology and how each is used, as well as any other

information in his expert report, including exhibits.

(2)     Jean Andrews will testify to ASL, deaf language and literacy, and how

that impacts the use of TTYs and videophones, as well as any other

information in her expert report, including exhibits.

b. **Defendants**

a.     Adrienne Jacobson, c/o Chris W. Alber, Senior Assistant Attorney

General, 1300Broadway, 10th Floor, Denver, Colorado 80203.  Ms. Jacobson is

expected to testify in person and is expected to testify about the CDOC's

telecommunications technologies and policies, its previous considerations of

videophones, its rolling out and withdrawing of other technology, its plans and

policies (or lack thereof) relating to videophones, and any other subject

addressed in her deposition or for which she was designated the person most

knowledgeable in response to Plaintiffs' Rule 30(b)(6) deposition notice(s).

b.     Amy Bradley, c/o Chris W. Alber, Senior Assistant Attorney

General, 1300 Broadway, 10th Floor, Denver, Colorado 80203.  Ms. Bradley is

expected to testify in person and is expected to testify about the CDOC's

telecommunications technology and policies, its previous consideration of

8

videophones, its rolling out and withdrawing of other technology, its plans and

policies (or lack thereof) relating to videophones, and any other subject

addressed in her deposition or for which she was designated the person most

knowledgeable in response to Plaintiffs' Rule 30(b)(6) deposition notice(s).

   c. Janet Smith, c/o Chris W. Alber, Senior Assistant Attorney General,

1300 Broadway, 10th Floor, Denver, Colorado 80203.  Ms. Smith is expected to

testify in person and is expected to testify regarding the CDOC's

telecommunications technology and policies, its previous consideration of

videophones, its rolling out and withdrawing of other technology, its plans and

policies (or lack thereof) relating to videophones, and any other subject

addressed in her deposition or for which she was designated the person most

knowledgeable in response to Plaintiffs' Rule 30(b)(6) deposition notice(s).

   d. Tony DeCesaro, CDOC's Step III Grievance Officer, c/o Chris W.

Alber, Senior Assistant Attorney General, 1300 Broadway, 10th Floor, Denver,

Colorado 80203.  Mr. DeCesaro is expected to testify in person and is expected

to testify as to the CDOC's grievance procedures and the grievances filed by

each of the named Plaintiffs.

   e. Custodians of Records, c/o the Colorado Department of

Corrections1250 Academy Park Loop, Colorado Springs, CO 80910. The

custodians of records may be called to testify to authenticate and establish

foundational matters concerning documents relating to the Colorado Department

of Corrections' policies, regulations, grievances, administrative segregation and

9

COPD records, chronological records, any medical and mental health records, and inmates records if those documents are not stipulated to before trial.  The Custodians of Records are expected to testify in person.

(2)     Witnesses who may be present at trial if the need arises:

a.     Theresa Jordan may testify in person to her primary language and preferred method of communication, her fluency in ASL, her lack of fluency in English, and her experiences with her daughter's attempt to communicate with her by TTY from CDOC.

b.     Jennifer Saugause may testify in person to her primary language and preferred method of communication, her fluency in ASL, her lack of fluency in English, her requests to be provided access to videophone service and CDOC's responses, her experiences with the TTY and videophone at CDOC.

## 7.     EXHIBITS

**(1)     Plaintiffs:**

a.  Project Request for VRS Pilot (Dep. Ex. 9);

b.  AR 850-12: Telephone Regulations for Offenders (Dep. Ex. 2);

c.  DWCF Administrative Regulation Implementation/Adjustments 850-12 (Dep. Ex. 3);

d.  CTCF Administrative Regulation Implementation/Adjustments 850-12 (Dep. Ex. 5);

e.  TTY transcripts;

    f.   TTY trouble ticket logs;

    g.  Email re: VRS at CTCF (Dep. Ex. 16);

    h.  Video Phone Process (Dep. Ex. 70);

    i.   Video Phone Sign Up (Dep. Ex. 72);

    j.   Video Phone Sign Up (Dep. Ex. 73);

    k.  Video Phone Sign Up Log (Dep. Ex. 74);

    l.   Photos and videos of CTCF;

    m. Photos of DWCF;

    n.  Bionca Rogers's Grievances;

    o.  Cathy Begano's Grievances;

    p.  Andrew Atkins's Grievances;

    q.  Marc Trevithick's Grievances;

    r.   Leonid Rabinkov's Grievances;

    s.  Expert report of Jean Andrews and exhibits thereto;

    t.   Expert report of Richard Ray and exhibits thereto;

    u.  Any exhibit listed by Defendants; and

    v.  Any exhibit necessary for impeachment or rebuttal.

**(2)    Defendants:**

    a.   CDOC Administrative Regulation 850-04.

    b.   Bionca Rogers's Grievances;

    c.   Cathy Begano's Grievances;

    d.   Andrew Atkins's Grievances;

11

    e.     Marc Trevithick's Grievances;

    f.     Leonid Rabinkov's Grievances;

    g.     CDOC Administrative Regulation 850-12;

    h.     Implementation Adjustment 850-12 for DWCF and for CTCF;

    i.     TTY Transcripts;

    j.     Cathy Begano's inmate working file, bates label CDOC/Rogers 000602 through 000730;

    k.     Bionca Rogers' inmate working filed, bates label CDOC/Rogers 000839 through 000931;

    l.     Andrew Atkins' inmate working file, bates label CDOC/Rogers 02649 through 02881;

    m.     Marc Trevithick's inmate working file, bates label CDOC/Rogers 03934 through 04187;

    n.     Call logs for each named Plaintiffs;

    o.     Video Phone Process instructions, bates label CDOC/Rogers 004435 through 004436;

    p.     Photos of DWCF, bates label P_000522 through P_000543;

    q.     Video Phone Sign Up Lists / Logs;

    r.     Any exhibit listed by Plaintiffs;

    s.     Any exhibit necessary for impeachment or rebuttal.

Copies of listed exhibits must be provided to opposing counsel and any *pro se* party no later than 30 days before trial. The objections contemplated by Fed. R. Civ. P. 26(a)(3)

shall be filed with the clerk and served by hand delivery or facsimile no later than 14 days after the exhibits are provided.

## 8.   DISCOVERY

Discovery has been completed.

## 9.   SPECIAL ISSUES

Plaintiffs Rabinkov, Atkins, Trevithick, and Begano, and Plaintiffs' expert witness Richard Ray will require a team of sign language interpreters.  Plaintiff Begano will require a team of certified deaf interpreters as well. Plaintiffs will work with the appropriate Court personnel to make these arrangements.

Plaintiffs intend to file writs of *habeas corpus ad testificandum* seeking Plaintiffs' presence at trial. Plaintiffs urge that, absent their physical presence, the ability to communicate with counsel both during the trial, and before and after trial is in session, will be materially impacted. This is especially so with respect to Plaintiffs who require interpretation.

## 10.   SETTLEMENT

a.   Counsel for the parties have not met to discuss settlement. Following the Court's discussion in the January 17, 2019 scheduling conference, Tr. at 10-11, 15-16, and at Defendants' request, Plaintiffs sent a draft settlement agreement to Defendants on January 25, 2019. On February 11, 2019, Defendants stated that they were not interested in discussing settlement.

b.    While Plaintiffs remain open to settlement negotiations, based on Defendants' response, counsel for the parties do not intend to hold future settlement conferences.

c.    It appears from the discussion by all counsel that there is: little possibility of settlement.

d.    Plaintiffs proposed ADR -- in the form of a settlement conference with Judge Hegarty -- in accordance with D.C.COLO.LCivR.16.6. Defendants stated that they did not wish to engage in settlement negotiations.

### 11.   OFFER OF JUDGMENT

Counsel and any *pro se* party acknowledge familiarity with the provision of Rule 68 (Offer of Judgment) of the Federal Rules of Civil Procedure.  Counsel have discussed it with the clients against whom claims are made in this case.

### 12.   EFFECT OF FINAL PRETRIAL ORDER

Hereafter, this Final Pretrial Order will control the subsequent course of this action and the trial, and may not be amended except by consent of the parties and approval by the court or by order of the court to prevent manifest injustice. The pleadings will be deemed merged herein. This Final Pretrial Order supersedes the Scheduling Order. In the event of ambiguity in any provision of this Final Pretrial Order, reference may be made to the record of the pretrial conference to the extent reported by stenographic notes and to the pleadings.

13.    **TRIAL AND ESTIMATED TRIAL TIME; FURTHER TRIAL PREPARATION PROCEEDINGS**

1.    This trial is to the Court;

2.    The parties anticipate a three-day trial;

3.    Trial will take place in the District of Colorado.


DATED this _24TH_ day of _June_, 20_19_.


BY THE COURT

_____
United States Magistrate Judge

APPROVED:

CIVIL RIGHTS EDUCATION AND
ENFORCEMENT CENTER

/s/ Amy F. Robertson
Amy F. Robertson
104 Broadway
Suite 400
Denver, CO 80203
303.757.7901
arobertson@creeclaw.org

Martha M. Lafferty
525 Royal Parkway, #293063
Nashville, TN 37229
615.913.5099
mlafferty@creeclaw.org

*Counsel for Plaintiffs*

Dated: June 17, 2019

PHILIP J. WEISER, Attorney General

/s/ Chris Alber
Chris Alber
Kathleen Spalding
Office of the Attorney General
Civil Litigation & Employment Law/Tort Unit
Ralph L. Carr Colorado Judicial Center
1300 Broadway, 10th Floor
Denver, CO 80203
Kit.Spalding@coag.gov
Chris.alber@coag.gov

*Counsel for Defendants*