# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Consolidated Civil Action No. 16-cv-02733-STV

BIONCA CHARMAINE ROGERS,
CATHY BEGANO,
ANDREW ATKINS, and
MARK TREVITHICK,

    Plaintiffs,

v.

COLORADO DEPARTMENT OF CORRECTIONS,
RICK RAEMISCH,
RYAN LONG, and
MIKE ROMERO,

    Defendants.
_____

Consolidated Civil Action No. 1:18-cv-02926-STV

LEONID RABINKOV,
CATHY BEGANO,
ANDREW ATKINS,
MARC TREVITHICK,
on behalf of themselves and others similarly situated,

    Plaintiffs,
v.

COLORADO DEPARTMENT OF CORRECTIONS,

    Defendant.
_____

# ORDER
_____

Magistrate Judge Scott T. Varholak

    This matter comes before the Court on Defendants' Partial Motion to Reconsider Court's Order regarding Defendants' Motion to Dismiss as Moot and Plaintiffs' Partial

Motion for Summary Judgment (the "Motion for Reconsideration"). [#171] The Motion is before the Court on the parties' consent to have a United States magistrate judge conduct all proceedings in this action and to order the entry of a final judgment. [##30, 31, 51] For the following reasons, the Motion for Reconsideration is **DENIED**.[1]

I.  **BACKGROUND**

Plaintiffs are inmates incarcerated by Defendant Colorado Department of Corrections ("CDOC"). [#141-1, DSOF1][2] Plaintiffs Rabinkov, Begano, Atkins, and Trevithick (the "Deaf Plaintiffs"), are all deaf and use American Sign Language ("ASL") as their primary language and preferred mode of communication. [*Id.* at PSOF4-5] The Deaf Plaintiffs are thus individuals with disabilities as that term is used in the ADA and Rehabilitation Act. [*Id.* at PSOF4] Plaintiff Rogers is able to hear, but her mother is deaf,

---

[1] The Court notes that Plaintiff Begano has filed a Notice of Appeal [#172], appealing this Court's decision to dismiss her claims without prejudice for failure to exhaust administrative remedies. "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Stewart v. Donges*, 915 F.2d 572, 574 (10th Cir. 1990) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). Nevertheless, a district court may exercise jurisdiction over a motion for reconsideration notwithstanding the filing of a notice of appeal. *Sain v. Snyder*, No. CIV 08-1019 RB/LFG, 2009 WL 10707109, at *1 (D.N.M. July 17, 2009) ("[A] Rule 59 motion to alter or amend the judgment or a Rule 60 motion for relief from judgment . . . will toll the vesting of jurisdiction in the appellate court until the district court has rule on the motion."); *Millers Mut. Fire Ins. Co. v. Sw. Surveying Co., Inc.*, No. CIV 99-499 MV/RLP, 2001 WL 37124825, at *2 (D.N.M. Aug. 5, 2001) (noting a district court may exercise jurisdiction over a motion for reconsideration, in order to deny such a motion, even when a notice of appeal has been filed (citing *Aldridch Enters., Inc. v. United States*, 938 F.2d 1134, 1143 (10th Cir. 1991))).

[2] The Court briefly refers to portions of the undisputed facts, drawn from the Separate Statement of Facts filed with Defendants' Motion for Summary Judgment ("Defendants' Statement of Facts") [#141-1 at 1-8], and Plaintiffs' Statement of Additional Material Facts ("Plaintiffs' Statement of Facts") [*id.* at 9-34], to provide context to the instant Order. The Court refers to the sequentially numbered facts set forth in Defendants' Statement of Facts as "DSOF#," and the facts set forth in Plaintiffs' Statement of Facts as "PSOF#."

2

and Plaintiff Rogers communicates with her mother using ASL. [*Id.* at PSOF4-6] Plaintiffs initiated this lawsuit alleging that Defendants violated their rights under Title II of the Americans with Disabilities Act ("ADA"), Section 504 of the Rehabilitation Act, and the First Amendment by refusing to provide videophone technology to enable effective communication by and to deaf individuals. [#66 at 13-19; #115 at 8-12]

Plaintiff Trevithick filed a motion for partial summary judgment on January 17, 2019, seeking summary judgment on his claims under Title II of the ADA and Section 504 of the Rehabilitation Act and arguing that it is undisputed that the CDOC does not provide videophone service to him, and the service that it does offer is ineffective and obsolete. [#117] Defendants also filed a Motion for Summary Judgment, contending that they were entitled to summary judgment on all of Plaintiffs' claims. [#133 at 7-19] In June 2019, Defendants filed a motion to dismiss, arguing that Plaintiffs' claims were mooted because videophone technology had been made available to Plaintiffs. [#143]

The Court issued a detailed and lengthy order on those three motions on September 18, 2019. [#158] The Court denied Defendants' Motion to Dismiss, holding Plaintiffs' claims were not mooted by Defendants' efforts to provide videophone technology in CDOC facilities. [*Id.* at 9-21] The Court denied Defendants' Motion for Summary Judgment in its entirety, except to the extent Defendants sought dismissal of Plaintiff Begano's claims for failure to exhaust her administrative remedies. [*Id.* at 21-48] The Court granted Plaintiff Trevithick's Motion for Partial Summary Judgment on the ADA and Rehabilitation Act claims, and entered summary judgment in favor of Plaintiffs Trevithick, Rogers, Atkins, and Rabinkov, and against the CDOC, on those claims. [*Id.* at 33-40] The Court ordered the CDOC to make videophones available to all deaf and

hard of hearing inmates, and to all inmates communicating with deaf and hard of hearing friends, family members, or other individuals, and to adopt effective and comprehensive policies and procedures regarding the use and implementation of videophones. [*Id.* at 48] Defendants filed the instant Motion for Reconsideration on October 16, 2019. [#171]

## II. LEGAL STANDARDS

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. *Hatfield v. Bd. of Cty. Comm'rs for Converse Cty.*, 52 F.3d 858, 861 (10th Cir. 1995). "A motion for reconsideration is an extreme remedy to be granted in rare circumstances." *Stoney v. Cingular Wireless L.L.C.*, No. 06-cv-02003-WYD-KLM, 2009 WL 1394260, at *1 (D. Colo. May 19, 2009) (quoting *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995)). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). "A motion to reconsider . . . should be denied unless it clearly demonstrates manifest error of law or fact or presents newly discovered evidence." *Nat'l Bus. Brokers, Ltd. v. Jim Williamson Products, Inc.*, 115 F. Supp. 2d 1250, 1256 (D. Colo. 2000) (quotation omitted).

"The Tenth Circuit has made it abundantly clear that a motion for reconsideration is not a vehicle for a losing party to revisit issues already addressed." *Seabron v. Am. Family Mut. Ins. Co.*, No. 11-cv-01096-WJM-KMT, 2012 WL 3028224, at *1 (D. Colo. July 24, 2012) (citing *Does*, 204 F.3d at 1012). Accordingly, "[a]bsent extraordinary circumstances, arguments that could have been raised in the original briefing on the dispute in question may not be made in a motion for reconsideration." *Id.* (citing *Does*,

204 F.3d at 1012).

## III. ANALYSIS

In the instant Motion for Reconsideration, Defendants present two arguments. [#171] First, Defendants argue that Plaintiffs' claims are moot in light of Defendants' implementation of videophones and that the doctrine of voluntary cessation does not apply. [*Id.* at 4-10] Second, Defendants assert that the Court's order that the CDOC make videophone technology available, and implement videophone policies, runs counter to the Prison Litigation Reform Act ("PLRA"). [*Id.* at 10-12]

Defendants' Motion for Reconsideration provides no new evidence and does not cite to any new case law. Defendants also point to no clear error in the Court's analysis, nor can the Court find any. Instead, the bulk of Defendants' Motion to Reconsider is an attempt to rehash arguments already addressed at length in extensive briefing and hearings before the Court, or to raise new arguments that could have been addressed in the original briefing. [*See, e.g.*, ##120, 133, 141, 143, 148, 155, 157] Again, a motion for reconsideration "is not a vehicle for a losing party" to reiterate prior arguments, or to raise new theories that should have been raised previously. *Seabron*, 2012 WL 3028224, at *1. By the same token, to the extent Defendants have not previously addressed how this Court should style injunctive relief under the PLRA, and seek to do so now, Defendants do not present any intervening changes in the law, new evidence, or clear error on that issue. Moreover, the relief ordered by the Court was modeled in part on the relief ordered by the United States District Court for the Eastern District of Michigan in *McBride v. Michigan Department of Corrections*, 294 F. Supp. 3d 695 (E.D. Mich. 2018), an analogous case where the court granted summary judgment to deaf inmates seeking

5

access to videophones. That case was cited numerous times by Plaintiffs in this matter [#117 at 2, 14-16; #124 at 9-10; #140 at 7-9; #147 at 5; #152 at 6], and also cited by Defendants [#133 at 17 n.3].

For the foregoing reasons, Defendants have failed to demonstrate the extraordinary circumstances warranting a motion for reconsideration and Defendants' Motion for Reconsideration [#171] is **DENIED**.

DATED: October 17, 2019

BY THE COURT:

s/Scott T. Varholak
United States Magistrate Judge