IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-02733-STV-NRN

BIONCA CHARMAINE ROGERS, CATHY BEGANO, ANDREW ATKINS, and
MARC TREVITHICK,

    Plaintiffs,

v.

COLORADO DEPARTMENT OF CORRECTIONS,
RICK RAEMISCH, in his official capacity,
RYAN LONG, in his official capacity,
MIKE ROMERO, in his official capacity,

    Defendants.

---

LEONID RABINKOV,
CATHY BEGANO,
ANDREW ATKINS, and
MARC TREVITHICK,

    Plaintiffs,

v.

DEPARTMENT OF CORRECTIONS,

    Defendant.

---

**UNOPPOSED MOTION TO TERMINATE CONSENT DECREE**

Defendants, through their undersigned counsel and under Fed.R.CivP. 60(b)(5) 18 U.S.C. §3626(e)(1), move to terminate the Consent Decree entered in this case on February 7, 2020.

As grounds for this motion, Defendants state as follows:

### D.C.COLO.LCivR 7.1 CONFERRAL

Defendants' Counsel has conferred with Plaintiffs' counsel, who do not oppose the relief sought in this motion.

1.      Plaintiffs in this case are deaf individuals in the custody of the Colorado Department of Corrections (CDOC). In the complaints filed in this case, Plaintiffs claimed that CDOC and other named defendants violated their rights under the Americans with Disabilities Act and/or the Rehabilitation Act by failing to provide them with adequate means of communicating with family and friends. They claimed that the means of access CDOC provided – TTY technology – was inadequate, and they requested that CDOC provide them with access to videophones.

2.      The parties settled all issues raised in the litigation and agreed to enter into a Consent Decree.  The Consent Decree was approved by the Court, and became effective, on February 7, 2020.  *See* Consent Decree, Doc. No. 199, attached as Exh. A. By the terms of the Consent Decree, CDOC agreed to provide deaf inmates access to videophones, to provide notice of the availability

of videophones, and to provide Plaintiffs' counsel with lists of inmates who requested videophone access. The parties agreed to attempt informal resolution of any issues or complaints regarding videophone access before seeking judicial resolution. The term of the Consent Decree was set at two years from the effective date or two years from the resolution of any dispute brought before the Court. *See* Exh. A, sec. XIV.

3. Defendants have satisfied the obligations set forth in the Consent Decree in full. The CDOC has installed videophones for use by deaf inmates in facilities where deaf inmates are housed. The CDOC has provided the required notice of videophone availability and provided counsel with lists of inmates who have requested and have either received or been denied videophone access. The parties have resolved informally all complaints related to the terms of the Consent Decree.

4. More than two years have passed since the Consent Decree became effective on February 7, 2020. There have been no complaints requiring judicial intervention. Accordingly, the Consent Decree's term has expired.

5. Under the provisions of the Prison Litigation Reform Act (PLRA), prospective relief "shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs." 18 U.S.C. §3626(a)(1)(A).

6. Defendants have complied with the terms of the Consent Decree, and this Court's oversight is no longer needed to correct the violation of Plaintiffs' federal rights.

WHEREFORE, Defendants request this Court to enter an order terminating the February 7, 2020, Consent Decree and the Court's jurisdiction over the relief provided in the Consent Decree.

PHILIP J. WEISER
Attorney General

s/ *Kathleen Spalding*
KATHLEEN SPALDING*
Senior Assistant Attorney General
Civil Litigation & Employment Section
Attorneys for Defendants

Ralph L. Carr Colorado Judicial Center
1300 Broadway, 10th Floor
Denver, Colorado 80203
Telephone: (720) 508-6634
FAX: (720) 508-6032
E-Mail:  kit.spalding@coag.gov
*Counsel of Record